USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Harriet Dallis, :
                                                          Plaintiff, :

      -against- :
                                                       :   1:16-cv-05442 (ALC)

Hilton Worldwide Holdings, Inc. et al, :
                                                       :   **OPINION & ORDER**
                                       Defendants, :
---------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

     Plaintiff Harriet Dallis brings this diversity tort action to recover monetary damages for personal injuries she sustained on a slip and fall while she was a guest at the Hilton Hotel Midtown. Plaintiff asserts two causes of action: negligence and gross negligence. Defendants, Hilton Worldwide Holdings, Inc., Hilton Management, LLC, Hilton Worldwide, Inc., Park Hotels And Resorts, Inc., Hilton Management, LLC, and HTL NY Hilton, LLC (collectively, "Hilton") now seek summary judgment and dismissal of Plaintiff's complaint in its entirety. For the reasons stated below, Defendants' motion for summary judgment is GRANTED.

## FACTS

     The following facts are taken from the record, including Defendants' Rule 56.1 Statement, and are undisputed unless otherwise noted.[1]

---

[1] A party moving for summary judgment under Fed. R. Civ. P. 56 must submit "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). Although Defendants have submitted a Local Rule 56.1 Statement, the statement is not in full accordance with the requirements of the rule and does not fully set forth the facts of what occurred, but identifies the items in the record Defendants rely upon such as a deposition or affidavit. However, this Court has "broad discretion . . . to overlook a party's failure to comply with local court rules," including in the context of Rule 56.1, and may comb the entire record in order to properly analyze a party's summary judgment motion. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see DeRienzo v. Metro. Transp. Auth.*, 237 Fed. App'x 642, 646-47 (2d Cir. 2007) (confirming the vitality of *Holtz* rule). The following facts, thus, will be taken from the Defendants' Rule 56.1 Statement as well as the record, including affidavits, deposition testimony, and exhibits submitted by the parties.

1

On January 23, 2016, Dallis was a guest at the Hilton Hotel Midtown ("Hilton Hotel") in Room 3504 located at 1335 Avenue of the Americas, New York, New York. Defs. 56.1 Stmt. ¶ 7. There was snow falling on that day as a result of Winter Storm Jonas. Dallis left the Hilton at approximately 10:00 am and returned to her room "between 3:00 and 3:30 pm." Dallis Dep. Tr. 66:9-12. At neither time, did she not notice any puddles or any other moisture in the elevator lobby area. *Id.* 65:5-17. Around an hour later, Dallis left her room at approximately 4:30 pm and took the elevator down. *Id.* 69:9-13. Gina Valenti, an employee of Dallis's, accompanied her in the elevator. *Id.* 73:5-7; Valenti Aff. ¶ 7.

Exiting the elevator, Dallis slipped and fell in the elevator lobby or bank. Dallis Dep. Tr. 69:6-11; 77:8-78:6; *see also* Guest Accident Report (Raicus Decl. Ex. U). Dallis filled out a form entitled Guest Accident Report, where she wrote:

> "I got off the elevator and walking away from the elevator. I stepped (unbeknownst to me) in a puddle of water, my feet went out from under me. I fell to the ground then slipped and slid into the edge of the opposite elevator frame, nose first."

Dallis did not notice water on the floor of the elevator lobby and did not look back to see what caused her to slip. Dallis Dep. Tr. 81:22-25.

There is a disputed issue of fact about whether there was water on the elevator lobby floor.[2] *See* Pl. 56.1 Stmt. ¶ 1. Valenti witnessed the accident. Defs. 56.1 Stmt. ¶ 14. She observed that there was water in many areas on the elevator bank's floor, including where Dallis slipped. Valenti Aff. ¶ 10. Valenti also told Dallis that she slipped in water. Dallis Dep. Tr. 82:2-9. However, Winston Mattias, a Hilton Security Officer who responded to the accident location and inspected the floor, stated that there was no moisture, liquids, or anything on the floor. Mattias Dep. Tr. 28:4-7; 29:5-11.

---

[2] According to Defendants, the videotape that depicts Dallis's accident does not show a "puddle of water." Defs. 56.1 Stmt. ¶ 10.

2

Prior to the incident, Pedro Rosario, who worked as a housekeeper in the lobby at the hotel on the day of the accident (Defs. 56.1 Stmt. ¶ 11), began his shift at 4:00 pm. Rosario Dep. Tr. 15:12-20; 24:11-15; 36:10-11. Rosario started mopping the floors and would check the floors of the elevator lobby every 20 minutes or so. *Id.* 25:16-23; 36:16-25. After coming from the bathroom, Rosario observed Dallis, post slip and fall, bleeding from the nose and speaking with security in front of the elevators. *Id.* 27:20-28:17. Rosario mopped the wet footprints in the elevator lobby area. *Id.* 29:9-25.

According to the Assistant Director of Housekeeping at the hotel at the time of the incident, Wayne Durant, the elevator lobby where the slip and fall occurred was constantly inspected and mopped during repetitive cleaning cycles to prevent the accumulation of water on the floor surface. Durant Aff. ¶ 16. Moreover, there was no slip and fall accidents or complaints about water on the floor prior to the accident. *Id.* During inclement weather, and specifically on January 23, 2016, the Hilton Hotel implements enhanced maintenance and safety protocol including the placement of mats at all hotel entrances and the placement of caution signs in the lobby and elevator lobby entrances, but not in the elevator lobby. *See* Durant Aff. ¶¶ 10-12; *see also* Rosario Dep. Tr. 21:7-23; 25:21-24 (noting additional personnel working for maintenance on that day).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *Chartis Seguros*

*Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013). In deciding a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. "[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (citations omitted).

## DISCUSSION

To establish a negligence claim under New York law, a plaintiff must demonstrate that: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995) (citing *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985)). A landowner has a duty to maintain its premises in a reasonably safe condition. *See Corbin v. Grand Union Co.*, No. 96CIV.4626, 1997 WL 739583, at *4 (S.D.N.Y. Nov. 26, 1997) (citing *Kellman v. 45 Tiemann Associates, Inc.*, 87 N.Y.2d 871, 872, 638 N.Y.S.2d 937, 938, 662 N.E.2d 255 (1995)). Where inclement weather occurs, landowners are neither "required to cover all of [their] floors with mats, nor to continuously mop up all moisture resulting from tracked-in [precipitation]." *Hickson v. Walgreen Co.*, 150 A.D.3d 1087, 1087, 56 N.Y.S.3d 157, 159 (2d Dep't 2017); *see also Gibbs v. Port Auth. of New York*, 17 A.D.3d 252, 255, 794 N.Y.S.2d 320, 323 (1st Dep't 2005) ("[Defendant] did not have an obligation to provide a *constant* remedy of water being tracked

4

into a building in rainy weather." (emphasis added)). A landowner, who did not create the dangerous condition, is liable for negligence when the dangerous condition causes injury only when the landowner had actual or constructive notice of the condition. *Taylor v. United States*, 121 F.3d 86, 89-90 (2d Cir. 1997) (citing *Gordon v. American Museum of Nat. Hist.*, 67 N.Y.2d 836, 838, 492 N.E.2d 774, 775 (1986)). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Id.* (quoting *Gordon*, 67 N.Y.2d at 837, 492 N.E.2d at 774).

Defendants argue that it did not breach the duty to maintain safe premises because it did not have notice of the alleged accumulation of water in the elevator lobby. The Court agrees. In this case, there is no evidence establishing a genuine issue of material fact with respect to actual or constructive notice that could support a finding in favor of Dallis.

The record does not contain any evidence that anyone, including Dallis, observed the alleged puddle of water or any other water on the floor prior to the accident. *See Gordon*, 67 N.Y.2d 836 at 838, 492 N.E.2d at 774. Approximately over an hour before the slip and fall, Dallis testified that upon returning to the hotel between 3:00 and 3:30 pm she did not notice any puddles or any other moisture in the elevator lobby area. Moreover, to show lack of constructive notice, Defendants have proffered evidence "as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell." *Hickson*, 150 A.D.3d at 1088, 56 N.Y.S.3d at 157. Rosario, who worked as a cleaner for Defendants, began his shift at 4:00 pm mopping the floor, including the elevator lobby floor, and would check the floor of the elevator lobby every 20 minutes or so. *See Dominy v. Golub*, 286 A.D.2d 810, 811, 730 N.Y.S.2d 362, 364 (2d Dep't 2001) (finding deposition testimony of defendant's employee that floors were regularly

inspected and mopped on a needed basis established lack of actual or constructive notice). Defendants further noted that during inclement weather, they implement increased and enhanced preventative maintenance and safety protocol, a fact that Rosario's deposition testimony corroborated. *See id.* (finding that deposition testimony of defendant's employees who expressed a general awareness that winter weather often creates hazardous conditions and described the precautions taken to alleviate them demonstrate lack of actual or constructive notice).

The affidavit of Gina Valenti does not raise a material issue of fact because it fails to establish notice of a pre-existing condition that Defendants had a reasonable opportunity to ameliorate. Valenti, an employee of the Dallis's business, observed the slip and fall and noted that there was water in many areas on the elevator's bank's floor, including right where Dallis slipped. However, this does not speak to the issue of notice, specifically how long the water was there. *See McDuffie v. Fleet Financial Group, Inc.*, 269 A.D.2d 575, 703 N.Y.S.2d 510 (2d Dep't 2000) ("[I]n the absence of proof as to how long a puddle of water was on the floor, there is no evidence to permit an inference that the defendant had constructive notice of the condition in question[.]"). Valenti also observed that water in the elevator lobby accumulated as a result of numerous people with snow on their clothes trafficking the elevator lobby area, but this general observation fares no better on the issue of notice. Critically, Valenti does not specify *when* she saw water in the elevator lobby area prior to the accident. A general awareness that some dangerous condition may be present is not "legally sufficient to charge defendant with constructive notice." *Gordon*, 67 N.Y.2d at 838, 492 N.E.2d at 775 (litter); *see also Rogers v. Rockefeller Group Int'l, Inc.*, 38 A.D.3d 747, 750, 832 N.Y.S.2d 600, 603 (2d Dep't 2007) (tracked in water on lobby floor from rainy weather); *Boucher v Watervliet Shores Assocs.*, 24

A.D.3d 855, 857, 804 N.Y.S.2d 511, 513 (3d Dep't 2005) (icy conditions). Rather, Plaintiff must proffer "evidence establishing constructive notice of the *particular* condition that caused [her] fall." *Gordon*, 67 N.Y.2d at 838, 492 N.E.2d at 774. In sum, Valenti's affidavit does not attest that the water on the elevator lobby floor existed for any period of time prior to Ms. Dallis's accident; existed for a sufficient period of time prior to the accident to provide Hilton with the opportunity to ameliorate the condition; that prior complaints were made to the Defendants; or that Defendants created the condition. *See, e.g.*, *Dane v. Taco Bell Corp.*, 297 A.D.2d 274, 275, 746 N.Y.S.2d 45, 46 (2d Dep't 2002); *Rosario v. New York City Transit Authority*, 215 A.D.2d 364, 365, 626 N.Y.S.2d 242, 243 (2d Dep't 1995).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted, and the Complaint is dismissed.

**SO ORDERED.**

**Dated: February 20, 2018**
New York, New York

ANDREW L. CARTER, JR.
United States District Judge

7